IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                    CRIMINAL ACTION NO. 2:05-cr-00040

DAVID A. HICKS,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendant's motion to dismiss Count One and Count Two of the Second Superseding Indictment [Docket 70].  The defendant argues these counts are too vague to prevent a subsequent prosecution for the same conduct and too vague to assure prosecution on the same evidence presented to the grand jury.  The court **FINDS** the indictment constitutionally sufficient and **DENIES** the motion.

"An indictment must contain the elements of the offense charged, fairly inform a defendant of the charge, and enable the defendant to plead double jeopardy as a defense in a future prosecution for the safe offense."  *United States v. Daniels*, 973 F.2d 272, 274 (4th Cir. 1992), *cert. denied*, 506 U.S. 1086 (1993).  Counts One and Two of this indictment contain the elements of the offense charged by tracking the language of 18 U.S.C. § 2251(b).  *See United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987) (explaining that counts of an indictment that track the statutory language are "ordinarily valid").  The court finds that these counts fairly inform the

defendant of the charge. The court also notes defense counsel has conceded the fact that he has obtained all the information that a Bill of Particulars would yield.

Counts One and Two also enable the defendant to plead double jeopardy in a subsequent prosecution for the same conduct. If a subsequent prosecution ever was initiated, the court could examine not only the indictment but also the entire record to determine whether double jeopardy applied. *Id*. In this case, a review of the entire record, which would include the indictment, the grand jury transcript, and the motions hearing held on October 17, 2005, indicates that the charge is constitutionally sufficient to bar subsequent prosecutions for the same conduct charged in Counts One and Two.

The defense counsel, pointing to *United States v. Floresca*, 38 F.3d 706 (4th Cir. 1994), and *United States v. Hooker*, 841 F.2d 1225 (4th Cir. 1988) (en banc), claims that the law requires a different result. The court finds defense counsel's arguments unpersuasive. *Floresca* dealt with a judge's misinstructions to a jury and *Hooker* is concerned with the failure to insert all the elements of an offense in an indictment. Neither situation is present here.

Accordingly, the court **FINDS** the indictment constitutionally sufficient and **DENIES** the defendant's motion. The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

                                        ENTER:      October 17, 2005

                                        JOSEPH R. GOODWIN
                                        UNITED STATES DISTRICT JUDGE