```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DAVID ALLEN HICKS,**

    Movant

v.                                  CIVIL ACTION NO. 2:10-01155
                                     (Criminal No. 2:05-00040)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

Pending are the June 28, 2011, appeals filed by movant respecting two orders entered June 22, 2011, by the United States Magistrate Judge.

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added). The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

<u>Allen v. Sybase, Inc.</u>, 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." <u>Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.</u>, 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

The first order entered by the magistrate judge denied movant's Motion Seeking Full Disclosure and Production of Pertinent Documents Presently in the Possession of the U.S. Attorney's Office. The second order denied movant's Motion Seeking Leave in Which to Submit Relevant, Pertinent and Probative Color Photographs of Child Witnesses.

In seeking the reversal of both orders, movant offers nothing to demonstrate error, much less that the two orders are

either clearly erroneous or contrary to law.  The court, accordingly, ORDERS that movant's two appeals dated June 28, 2011, be, and they hereby are, dismissed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: August 11, 2011

John T. Copenhaver, Jr.
United States District Judge